UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY S. STEPHENS,

      Plaintiff,

v.                                                    Case No. 3:24-cv-397-MMH-LLL

UF HEALTH OF JACKSONVILLE
and DUVAL COUNTY JAIL,

      Defendants.

_____

## ORDER

Plaintiff Jeffery S. Stephens, an inmate of the Florida Department of Corrections (FDC), initiated this action on April 9, 2024, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) under 42 U.S.C. § 1983. The Court afforded Stephens an opportunity to amend. See Order (Doc. 3). Before the Court is Stephens's Amended Complaint (AC; Doc. 4),[1] in which he names the Duval County Jail and UF Health of Jacksonville as Defendants. AC at 1. Stephens seemingly alleges that he was exposed to tuberculosis as a pretrial detainee at the Duval County Jail. See id. at 3–4. According to Stephens, on January 12, 2022, he "was rushed to the hospital for a GI bleed caused by tuberculosis"; he required two blood transfusions. Id. at 4.

---

[1] Stephens does not include the first page of the civil rights complaint form. See generally AC.

Stephens argues the Duval County Jail "failed to follow CDC guidelines for infection control." Id. He further contends UF Health of Jacksonville violated "the very core of the mandated rights of HIPPA [sic] laws that protect all of my health care information and concerns." Id. As relief, he requests "all medical . . . and [to] hold those accountable for all violations." Id. at 5.

After filing his Complaint, Stephens paid the $405.00 filing fee in full. Nevertheless, the Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard

in both contexts.[2] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth."

Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the AC, the Court must read Stephens's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

This action is due to be dismissed pursuant to the Court's screening obligation. With respect to his claim against the Duval County Jail, state law determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Florida law has not established jails as entities amenable to suit under § 1983. See, e.g., Maldonado v. Baker Cnty. Sheriff's Off., 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). Therefore, Stephens fails to state a claim against the Duval County Jail.

5

Liberally read, Stephens's AC also fails to state a plausible § 1983 claim against UF Health of Jacksonville. A plaintiff can only raise § 1983 claims against "a person acting under the color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Stephens does not allege that UF Health of Jacksonville is a state actor subject to liability under § 1983, nor does the AC contain factual allegations suggesting a close nexus between UF Health of Jacksonville and the state such that its activity may be attributable to the state.

Even assuming UF Health of Jacksonville were a state actor, Stephens's claim still fails. The AC is devoid of any facts that would suggest UF Health of Jacksonville violated Stephens's federal constitutional rights. And, insofar as Stephens alleges UF Health of Jacksonville violated the Health Insurance Portability and Accountability Act (HIPAA), the Eleventh Circuit has determined that HIPAA contains no express provision creating a private cause of action or rights enforceable through § 1983. Sneed v. Pan Am. Hosp., 370 F. App'x. 47, 50 (11th Cir. 2010).[3] As such, Stephens does not state a claim for relief, and this case is due to be dismissed.

_____

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Therefore, it is now **ORDERED:**

1.　　This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.

2.　　The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of September, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/6
c:　　Jeffery S. Stephens, #E80959

7